UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 0:12-cr-20-DLB-2 |
| | ) | |
| v. | ) | |
| | ) | **Magistrate Judge's** |
| ELLIS PITTMAN, | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \*

On November 1, 2012, a federal grand jury indicted Ellis Pittman ("Pittman") on charges of conspiring to intentionally distribute Oxycodone and attempting to possess with intent to distribute a quantity of pills containing Oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Record No. 1]. Pittman was then in custody in the state of Arizona, facing prosecution there for a violation of Arizona law. As a result, on January 17, 2013, the United States in this matter moved for, and was granted, a writ of habeas corpus ad prosequendum, which allowed the United States Marshal to have temporary custody of Pittman so that this case could proceed. [Record No. 26].

On May 24, 2013, Pittman pled guilty in this matter to possession with intent to distribute oxycodone, and possession of a firearm. [Record No. 45]. On September 10, 2013, Pittman was sentenced to time served (215 days) on count 2 and sixty months on count 4, consecutive to each other, for a total term of sixty months and 215 days imprisonment. [Record No. 61]. Pittman was then returned to the custody of Arizona and on Feburary 20, 2014, was sentenced to six years in prison for a charge of aggravated assault under Arizona law. [Record No. 63]. The judge in Arizona

1

directed, in his judgment, that Pittman's sentence be served concurrent with the sentence imposed in this matter, and directed that "the Defendant shall be housed in Federal custody." [R. 63, Ex. 1]. However, Pittman remains in the custody of the Arizona Department of Corrections.

Following this procedural background, Pittman filed *pro se* motions before this Court for transport back into federal custody and to shorten time. [Record Nos. 63, 64]. In his motion for transport, he asserts that should be in federal custody because his state court judgment ordered his release into federal custody, so that he may serve both his state and federal sentence concurrently. Id. The undersigned has been referred this motion to prepare a recommendation on its disposition. [Record No. 65]. For the reasons stated, the undersigned recommends the Defendant's motion be denied, and that the clerk foward to Pittman, forms for a Petition for Relief from a conviction or sentence under 28 U.S.C. § 2254.

As Pittman's offenses in this motion were committed on or after November 1, 1987, the commencement of his sentence is governed by 18 U.S.C. § 3585(b). The underlying principle of §3585 is that a federal sentence commences only when the Defendant is received by the Attorney General of the United States for the service of his federal sentence. Pinuad v. James, 851 F.2d 27 (2d Cir. 1988); Salley v. United States, 786 F.2d 546 (2d Cir. 1986). Here, Pittman was first in the custody of Arizona, but was essentially loaned to the Court for prosecution. In such a case, a defendant is sentenced in federal court, returned, and sentenced to a term of imprisonment in the state with primary jurisdiction. The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign. *See* Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); Jake v. Herschberger, 173 F.3d 1059 (7th Cir. 1999); Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992). Here, Arizona did not relinquish custody over Pittman, and has not yet relinquished Pittman.

2

Therefore, his federal sentence has not yet commenced.

Similarly to the commencement decision, the order in which sentences are served is governed by the concept of primary jurisdiction. If state and federal sentences are imposed on an offender, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first. A federal sentence does not begin to run when a federal defendant is produced for prosecutions by a federal writ of habeas corpus ad prosequendum from state custody. United States v. Cole, 416 F.3d 894 (8th Cir. 2005); United States v. Evans, 159 F.3d 93 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). The state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until state authorities relinquish the prisoner on satisfaction of the state obligation. Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); Jake v. Herschberger, 173 F.3d 1059 (7th Cir. 1999). If the federal judgment and commitment order is silent as to whether it should be concurrent or consecutive, as in this case, and the state authorities have primary jurisdiction over the defendant, the default by the Bureau of Prisons is to compute the federal sentence as consecutive to the state sentence, regardless of which sentence was imposed first. 18 U.S.C. § 3584(a). However, under 18 U.S.C. § 3584, the federal sentencing judge may specifically order the federal sentence to run consecutively with a state sentence, which includes the authority for a federal sentencing court to order concurrent or consecutive service with a state sentence yet to be imposed. *See* Setser v. United States, 132 S. Ct. 1463 (2012) (held that a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed).

Upon review of the record in this case, the Defendant is not eligible for transfer into federal custody until he is released by the State of Arizona. The Defendant was originally taken into

custody for a violation of a state offense under Arizona law and was only transferred to federal custody on a writ. [Record No. 12]. Furthermore, the federal judgment makes no mention of the Defendant's federal sentence running concurrently to his Arizona sentence. [Record No. 61]. The state court may not now impose a sentence of incarceration that allows the Defendant to concurrently serve both the state and federal terms of his sentence, and has no authority to order that his state sentence be served in a federal institution. It is only after the state court releases the Defendant from its custody, may he begin his term of federal imprisonment.

Furthermore, the Defendant does not allege sufficient grounds for a modification of his imposed term of imprisonment. Under the Federal Rules of Criminal Procedure Rule 35, a sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error within fourteen days after sentencing. Under 18 U.S.C. § 3582, the court may not modify a term of imprisonment once it has been imposed, except that (1) the Bureau of Prisons may reduce the term of imprisonment after consideration of the factors set forth in § 3553(a) to the extent that the Bureau of Prisons either finds that extraordinary and compelling reasons warrant a reduction or that the defendant is at least seventy years of age, has served at least thirty years in prison and it has been determined that the defendant is not a danger to the safety of another person or the community; (2) a modification is warranted under Federal Criminal Procedure Rule 35; (3) the defendant was sentenced to prison based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*).

In this case, Pittman is not alleging an error within fourteen days of his sentence as require by Federal Rule of Criminal Procedure 35. In addition, Pittman does not argue that the Bureau of Prisons should reduce his sentence for extraordinary or compelling reasons. Pittman does not qualify for the reduction of his sentence based on his age and his sentencing range has not been

4

changed since final judgment was rendered. Therefore, because there are insufficient grounds to modify the imposed term of imprisonment under §3582 and Federal Rule of Criminal Procedure 35, the undersigned recommends that the Defendant's motion be denied.

Therefore, having considered the matter fully, and the Court being otherwise sufficiently advised,

IT IS RECOMMENDED that the Defendant's motions for transport back into federal custody and to shorten time [Record Nos. 63, 64] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections must be filed within fourteen (14) days from the date of service of the Recommendation or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir.1995).

Signed May 8, 2014.

Signed By:
*Edward B. Atkins* $\mathcal{EBA}$
United States Magistrate Judge