UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:12-cr-20-DLB-EBA-2

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.                                             **MAGISTRATE JUDGE'S**
                                           **REPORT AND RECOMMENDATION**

ELLIS PITTMAN,                                                                   DEFENDANT.

* * * * * * * * * *

## INTRODUCTION

On May 24, 2013, Defendant Ellis Pittman pled guilty to one count of attempting to possess Oxycodone with intent to distribute, in violation of 21 U.S.C. § 846(a)(1), and one count of using a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).  [R. 45]. The District Court sentenced him to 60 months and 215 days of imprisonment, followed by 3 years of supervised release.  [R. 61].  Defendant did not appeal.

On June 27, 2016, Defendant filed the present *pro se* § 2255 Motion to Vacate, [R. 99], claiming that he is entitled to resentencing in light of the U.S. Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).  Specifically, he contends that his sentence enhancement under § 924(c) is unconstitutional because the underlying offense – using a firearm during a drug-trafficking crime in violation of § 924(c)(1) – no longer qualifies as a "crime of violence" for enhancement purposes under Johnson.  Consistent with local practice, this matter has been referred to the undersigned to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [R. 6].  Upon review of the record, the Court finds that Johnson is inapplicable because Defendant did not receive any sentence enhancements under 18 U.S.C. §

1

924(e) nor under § 4B1.1 of the Sentencing Guidelines, and RECOMMENDS that his § 2255 petition be DENIED.

## ANALYSIS

Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), if a defendant is found guilty of being a felon in possession of a firearm, and also has three or more prior convictions for either a "serious drug offense" or "violent felony," his sentence is automatically enhanced to a minimum of 15 years and a maximum of life.  See 18 U.S.C. §§ 922(g), 924(a)(2), (e)(1).  A "violent felony" is defined by § 924(e)(2)(B)'s "residual clause" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."  Id.

Recently, however, the U.S. Supreme Court held that the ACCA's "residual clause," used to determine whether a crime constitutes a "violent felony" for enhancement purposes, results in unpredictable application and arbitrary enforcement, and ruled on direct review that the ACCA's "residual clause" is unconstitutionally vague.  See generally Johnson v. United States, 135 S. Ct. 2551, 2015 WL 2473450 (June 26, 2015).  Because § 4B1.1 of the U.S. Sentencing Guidelines ("USSG"), a similar "career"-type sentencing enhancement, also contains a residual clause identical to the ACCA's now-invalidated residual clause, that clause has also been struck down by the Sixth Circuit, see United States v. Pawlak, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), and the U.S. Supreme Court has granted certiorari to address the application of Johnson to USSG § 4B1.1.  See Beckles v. United States, No. 15-8544, 2016 WL 1029080 (June 27, 2016).  The voiding of these residual clauses may now be asserted as the basis for relief on collateral review, such as in a § 2255 motion to vacate.  See United States v. Welch, 136 S. Ct. 1257 (2016).

2

Following these cases, courts have experienced an influx of § 2255 petitions seeking relief under <u>Johnson</u>.   However, the defendants who file these *pro se* petitions often misunderstand <u>Johnson</u>'s true application to their own case.   Pittman is one such defendant; though his *pro se* § 2255 petition relies exclusively upon <u>Johnson</u> for relief, his sentence was never enhanced under the ACCA's residual clause nor under USSG § 4B1.1.   To be sure, an enhancement under the ACCA carries a minimum of 15 years, § 924(e), but Pittman was sentenced to 60 months and 215 days imprisonment for using a firearm during the conspiracy to distribute Oxycodone:

> The United States Sentencing Commission guideline for a violation of 18 U.S.C. § 924(c), is found in U.S.S.G. § 2K2.4(b), which states that if the defendant was convicted under 18 U.S.C. 924(c), the guideline sentence is the minimum term of imprisonment required by statute.  The statute requires that whoever during and in relation to any crime of violence or a drug trafficking crime for which he may be prosecuted in a Court of the United States carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such a crime of violence or drug trafficking crime, be sentenced to imprisonment for not less than five (5) years, pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

Presentence Report at 6.   Pittman's sentence was not enhanced under § 924(e), and where he received no Chapter Four enhancements, <u>see</u> Presentence Report at 5, he was also not enhanced under § 4B1.1 of the Guidelines.   Accordingly, <u>Johnson</u> is inapplicable to Defendant's resulting sentence where he clearly did not receive any enhancement.

## **RECOMMENDATION**

Having considered the matter fully, and being otherwise sufficiently advised,

The undersigned RECOMMENDS that Defendant's 28 U.S.C. § 2255 Petition [R. 45] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen

(14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 31, 2016.

Signed By:
Edward B. Atkins   *EBA*
United States Magistrate Judge