**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 12-20-DLB-EBA-2**

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

vs.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

**ELLIS PITTMAN**                                                                    **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Magistrate Judge Edward B. Atkins's Report and Recommendation ("R&R") (Doc. # 101), wherein he recommends that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. # 99) be denied. Defendant has filed Objections to the R&R (Doc. # 104), and the United States has filed a response to the objections (Doc. # 105). Having reviewed the Objections and Response, the Court will adopt the R&R as the findings of fact and conclusions of law of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate Judge's R&R. If a party is properly informed of the consequences of failing to file an objection, and fails to file an objection, "the party waives subsequent review by the district court." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections must specifically challenge portions of the report or the proposed findings or recommendations. Filing vague, general, or conclusory objections does not meet the specificity requirements, and such objections may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing

*Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

Here, the United States argues that Pittman's objections need not be considered, because they were untimely filed. (Doc. # 105, p. 2). Pittman previously filed a motion for an extension of time to file objections. (Doc. # 102). The Magistrate Judge granted Pittman's motion, and ordered that Pittman must file objections no later than December 27, 2016. (Doc. # 103). Pittman's objections were not filed until January 3, 2017, and were postmarked December 29, 2016. (Doc. # 104). Thus, the United States is correct that Pittman's objections were not timely filed. Nevertheless, the Court finds that Pittman's objections would not succeed on the merits.

Pittman's Objection merely reiterates the argument from his § 2255 petition: that he is entitled to resentencing in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Specifically, he claims that his sentence enhancement under § 924(c) is unconstitutional because the underlying offense no longer qualifies as a "crime of violence" for enhancement purposes under *Johnson*. (*Id.*, p. 2).

The Magistrate Judge completed a thorough analysis, and concluded that *Johnson* is not applicable in Pittman's case, because Pittman's sentence was not enhanced under § 924(e), nor under § 4B1.1 of the Guidelines. (Doc. # 101, p. 3). Furthermore, the Sixth Circuit has held that § 924(c) is "considerably narrower than the statute invalidated by the Court in *Johnson*," and that *Johnson* does not "compel[] the conclusion" that § 924(c) is unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016). Therefore, Pittman's objections are without merit.

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Pittman's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 104) are **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 101) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) Pittman's 28 U.S.C. § 2255 Petition to Vacate, Set Aside or Correct Sentence (Doc. # 99) is **DENIED**;

(4) For the reasons set forth above and in the Magistrate Judge's Report and Recommendation (Doc. # 101), the Court determines that there would be no arguable merit for an appeal in this matter, and therefore, no certificate of appealability should issue; and

(5) This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

This 7th day of January, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Ashland Criminal\2012\12-20 Order adopting R&R re 2255.wpd